**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PETRA MATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DESLAURIERS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, PETRA MATA, ("Plaintiff" or "Petra"), by her attorneys, for her complaint against Defendant, DESLAURIERS, INC. ("Defendant" or "Deslauriers") states as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Illinois common law covering retaliatory discharge. Plaintiff is seeking redress for Defendant failing to accommodate her disability, terminating her employment on the basis of her disability, and also in retaliation for her filing a workers' compensation claim. Furthermore, Plaintiff also brings action under The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.

## PARTIES

2.      Plaintiff is an individual residing within the jurisdictional boundaries of this Court and was employed by Defendant in this Judicial District.

1

3.      Defendant is a corporation doing business in the State of Illinois and is either registered

or incorporated under the laws of the State of Illinois.

## JURISDICTION & VENUE

4.      The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. § 1331

and 42 U.S.C. § 2000e-5(f).

5.      This Court also has supplemental jurisdiction over Plaintiff's Illinois state law claims

pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1291(b) because Defendant is

headquartered in this District and all of the alleged unlawful employment practices giving rise to

this Complaint occurred within this District.

## ADMINISTRATIVE EXHAUSTION

7.      Plaintiff has exhausted all mandatory pre-complaint procedures required by law by filing

timely administrative complaints with the U.S. Equal Employment Opportunity Commission.

8.      More specifically, Plaintiff filed Charge No. 440-2021-03360 on April 8, 2021.

On April 28, 2021, the EEOC issued its "Dismissal and Notice of Rights" dismissing Plaintiff's

charge of discrimination and directing Plaintiff to file suit.  A copy of the EEOC Charge (Exhibit

1) and Dismissal and Notice of Rights (Exhibit 2) is attached hereto.

9.      Plaintiff files this complaint against Defendant within 90 days of her receipt of the EEOC

Notice.  Therefore, Plaintiff's ADA claim is timely.

## FACTS COMMON TO ALL COUNTS

10.    On or Around February 2020, Petra was hired by Defendant as a Machine Operator.

11.    At all times relevant, Petra adequately performed the job duties assigned to her.

12.     Around April 6, 2020, Petra greatly injured her left hand while performing her assigned work duties.

13.     Petra notified Defendant about her injury but nothing was done, instead, she was instructed to continue working.

14.     Petra complied with Defendant's orders and continued working. After about 2 to 3 weeks, the pain worsened to the point where she could no longer move her hand. Plaintiff again notified Defendant, and she  was finally sent to see Defendant's doctor.

15.     As a result of her injury, on or around April 23, 2020, she was given restrictions by the Defendant's physician, and was required to undergo physical therapy.

16.     Petra's medical condition constituted a physical impairment that substantially limited Petra in one or more major life activities, including but not limited to lifting and pushing with her left hand.

17.     Petra asked Defendant for accommodations to allow her to perform the essential functions of her job.

18.     On or around May 2020, Petra suffered another workplace injury. Specifically, she cut her right elbow.

19.     Petra notified her manager, Juan about the injury. Defendant again told her to see their doctor, but its doctor was not open at the time, so she was forced to go to the emergency room.

20.     Petra received several stitches and paid out-of-pocket for the visit.

21.     After, she was out of work for two weeks because of the injury and stitches.

22.     Defendant did not compensate her for being out during this time.

23.     On May 29, 2020, Petra was told by Defendant she had to return to full duty because her restrictions had been removed.

24.     Petra contacted her doctor and discussed her inability to do her job without an accommodation, and her restrictions were immediately reissued on June 1, 2020.

25.     Petra notified Defendant that her restrictions had been reinstated and asked to be accommodated.

26.     After Plaintiff's injuries, Defendant's demeanor towards her changed, and she began to be treated differently.  For example, her manager would often not provide her with a break that was provided to other similarly situated workers.

27.     Despite her restrictions, on June 12, 2020, Defendant asked Petra to break these and lift boxes. Out of concern for her health, Petra refused to do this.

28.     Petra sought to be accommodated but Defendant refused. Defendant did not offer any alternative.

29.     Petra went in to discuss her accommodations and Defendant's refusal to uphold these, and she was fired.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30.     Plaintiff re-pleads and re-alleges Paragraphs 1 through 29 as if fully plead herein.

31.     Under 42 U.S.C. § 12112(a), a "disability" is defined as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. *Id*. § 12102(2).

32.     At all times relevant to this Complaint, Plaintiff was a qualified individual because she had the skill, experience, and expertise for the position she held at Defendant and was able to perform the essential functions of his position with or without a reasonable accommodation.

4

33.     The ADA prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

34.     Defendant discriminated against Plaintiff in violation of the ADA by terminating her employment, refusing to engage in the interactive process to identify any reasonable accommodations, which would allow Plaintiff to perform work for the Defendant, and retaliating against her because of her disability.

35.     When Petra asked for an accommodation, Defendant terminated Petra's employment because of her disability.

36.     Defendant is a covered employer to which the ADA applies.

37.     The above-described unlawful employment practices were intentional, and Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

38.     As a result of Defendant's unlawful actions Plaintiff has been injured. Such injuries include, but are not limited to, lost pay, lost benefits, lost promotion opportunities, pecuniary losses, mental anguish, humiliation, injury to reputation, and pain and suffering

39.     Defendant failed to accommodate Plaintiff's medical restrictions or offer a reasonable accommodation. Defendant retaliated against Plaintiff because of her disability.

WHEREFORE, Plaintiff prays for judgment regarding all of her claims as follows:

a.     Equitable and prospective declaratory and injunctive relief;
b.     Compensatory damages allowed by law;
c.     Exemplary or punitive damages allowable by law;
d.     Pre- and post-judgment interest, costs, attorneys' fees; and
e.     Any other relief to which PLAINTIFF may be entitled under the applicable federal and state laws and such other relief as the Court deems just and equitable

## COUNT II
## RETALIATORY/WRONGFUL DISCHARGE-STATE LAW

40.  Plaintiff re-pleads and re-alleges Paragraphs 1 through 39 as if re-pled herein in Count II.

41.  It is a violation of Illinois public policy for an employer to retaliate against an employee for seeking to file, or for filing, a claim under the Illinois Workers' compensation Act ("IWCA").

42.  The IWCA, 820 ILCS 305/4(h) prohibits an employer from terminating an employee in retaliation for exercising a right guaranteed by this Act.

43.  Plaintiff had a statutory right to file a workers' compensation claim pursuant to the IWCA, 820 ILCS 305/1, *et seq*.

44.  Plaintiff was terminated around June 12, 2020.

45.  Plaintiff was terminated because she sought treatment of injuries and accommodations for injuries she suffered on the job as Defendant's employee.

46.  Defendant's termination of Plaintiff's employment violates Illinois public policy which prohibits employers from retaliating against employees for seeking to exercise their lawful rights to pursue claims arising out of work-related injuries under the IWCA.

47.  As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff requests judgment regarding all of her claims as follows:

a.  Equitable and prospective declaratory and injunctive relief;
b.  Compensatory damages allowed by law;
c.  Exemplary or punitive damages allowable by law;
d.  Pre- and post-judgment interest, costs, attorneys' fees; and
e.  Any other relief to which PLAINTIFF may be entitled under the applicable federal and state laws and such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF THE BIOMETRIC INFORMATION PRIVACY ACT

48.     Plaintiff re-alleges and incorporates paragraphs 1 through 47 by reference as if re-pled

herein in Count III.

49.     Defendant is a "private entity" under the Biometric Information Privacy Act ("BIPA"),

740 ILCS 14/10.

50.     Plaintiff's fingerprints qualify as "biometric identifier[s]" as defined by the BIPA. 740

ILCS 14/10.

51.     Defendant collected "biometric information" from Plaintiff through its acquisition of

personal identifying information based on Plaintiff's fingerprint(s).

52.     Plaintiff was enrolled in Defendant's biometric time keeping device when she first started

working for Defendant.

53.     Defendant violated the BIPA by capturing or collecting Plaintiff's fingerprint(s) and

personal identifying information based on her fingerprint without first informing Plaintiff in

writing that Defendant was doing so.

54.     Defendant violated the BIPA by capturing or collecting Plaintiff's fingerprint

and personal identifying information based on her fingerprint without first informing Plaintiff in

writing of the purpose of Defendant doing so and the length of time Defendant would store

and use Plaintiff's biometric identifiers and/or biometric information.

55.     Defendant violated the BIPA by capturing or collecting Plaintiff's fingerprint(s) and

personal identifying information based on her fingerprint without first obtaining Plaintiff's

written consent or other release authorizing Defendant to capture or collect Plaintiff's biometric

identifiers and/or biometric information.

56.     Unlike other Illinois companies, Defendant failed to take notice and follow the

requirements of the BIPA even though the law was enacted in 2008 and numerous articles and

court filings about the law's requirements were published before Defendant committed the legal

violations alleged in this Complaint.

        **WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

a. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);
b. Awarding Plaintiff's reasonable attorneys' fees and costs in filing and prosecuting this matter as provided by 740 ILCS 14/20(3); and
c. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).


                                        Respectfully submitted,

                                        **PETRA MATA**

                                        By:**/s/ Thalia Pacheco_____**
                                        One of Plaintiff's Attorneys

                                        **TRIAL BY JURY DEMANDED**


David Fish
Kimberly Hilton
Thalia Pacheco
The Fish Law Firm, P.C.
200 E. 5th Ave, Suite 123
Naperville, IL 60563
Telephone 630-355-7590
Facsimile 630-778-0400
Dfish@fishlawfirm.com
khilton@fishlawfirm.com
TPacheco@fishlawfirm.com
Docketing@fishlawfirm.com