UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Petra Mata,<br><br>    *Plaintiff*,<br><br>v.<br><br>Deslauriers, Inc.,<br><br>    *Defendant*. | No. 21 CV 3976<br><br>Judge Lindsay C. Jenkins |

### O<small>RDER</small>

Plaintiff Petra Mata ("Plaintiff" or "Mata") brings this employment discrimination suit against her former employer, Deslauriers, Inc. ("Defendant" or "Deslauriers"), for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") (Count One), retaliatory discharge in violation of Illinois common law (Count Two), and violation of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA") (Count Three). [Dkt. 37.] Currently before the Court is Defendant's motion to dismiss, or alternatively to stay, Count Three, the BIPA claim. [Dkt. 37]. For the following reasons, the motion to dismiss is granted.

*Background*[1]

Mata was hired by Deslauriers as a Machine Operator in February 2020. [Dkt. 32, ¶ 10.] Deslauriers is a manufacturer and distributor of concrete, metal, and plastic construction products. In April 2020, Mata injured her hand while on duty. [*Id*., ¶ 12.] Mata saw a doctor, who ordered physical therapy and implemented restrictions. [*Id*. ¶¶ 14–15.] Mata asked Deslauriers for accommodations before suffering a second workplace injury, this time a cut on her right elbow. [*Id*. ¶ 18.] Sometime later, Deslauriers informed Mata that her restrictions had been removed and that she was required to return to full duty. [*Id*. ¶ 23.] Deslauriers also began treating Mata differently, eventually terminating her in June 2020. [*Id*. ¶¶ 25–29.] Mata filed a complaint with the Illinois Department of Human Rights and was later issued a notice of right to sue. This lawsuit followed.

*Supplemental Jurisdiction and the BIPA Claim*

Deslauriers seeks dismissal of the BIPA claim, arguing that the Court should not exercise supplemental jurisdiction over this state law claim because the BIPA claim shares no common nucleus of operative facts with the ADA claim, which is

---

[1] The following facts are taken from Mata's amended complaint [Dkt. 32] and assumed to be true for purposes of the motion to dismiss.

brought under federal law. Deslauriers also argues that the state claim would substantially predominate over the remaining claims. [Dkt. 37-1 at 5.]

Where a district court has original jurisdiction over one claim, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right," (*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)), but "judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423–424 (7th Cir. 1995) (state and federal claims are related when they "derive from a common nucleus of operative facts.") While "[a] loose factual connection between the claims is generally sufficient," *id.*, the facts connecting them must nonetheless be operative in determining the outcome of the federal claim. *Saud v. DePaul Univ.*, 19-cv-3945, 2019 WL 5577239, at *7 (N.D. Ill. Oct. 29, 2019) (finding that supplemental jurisdiction was not conferred where "[t]he state law claims [had] little, if any, overlap with [the] evidence" required for resolution of the plaintiff's federal claims). It is not enough that the claims be tangentially related. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009) (citing *Chaney v. City of Chicago*, 901 F. Supp. 266, 270 (N.D. Ill. 1995)). To be 'operative,' the facts must be "'relevant to the resolution of' the federal claims.'" *U.S. v. Clark*, 2010 WL 476637, * 1 (N.D. Ill. 2010).

Here, Mata brings a federal claim under the ADA for disability discrimination. [Dkt. 32.] The exercise of supplemental jurisdiction over the BIPA claim is appropriate if it shares a common nucleus of operative facts with the ADA claim. The ADA claim will require evidence about Mata's disability, whether she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation, whether she suffered an adverse employment action, and whether the adverse action was caused by her disability. *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022).

The BIPA claim, on the other hand, will have no overlap with that evidence. The Amended Complaint alleges that Deslauriers violated certain BIPA provisions by, among other things, failing to obtain written releases before collecting, using, and storing biometric identifiers and information (§ 15(b)(3)); failing to provide written notice that biometric identifiers and information were being collected and stored (§ 15(b)(1)); failing to provide written notice of retention policies (§ 15(b)(2)); and failing to provide a retention schedule for destruction (§ 15(a)). [Dkt. 32, ¶¶ 103–109.] The facts that will show whether Deslauriers violated these provisions have no bearing on whether Mata suffered discrimination under the ADA because of a disability. None

of the facts necessary to resolve the BIPA claim—including whether Deslauriers collected and stored employee data, whether it obtained written releases, and whether it provided appropriate notice—are relevant to the resolution of the disability discrimination claim.

Mata's argument in favor of the Court exercising supplemental jurisdiction is unavailing. She argues that the ADA and the BIPA claim, "are directly related to Plaintiff's employment relationship with the Defendant," and that because both violations allegedly occurred while she was employed with Deslauriers, supplemental jurisdiction is appropriate. [Dkt. 42 at 5.] The question is not whether there is a connection *of any kind* between the ADA claim and the BIPA claim. It is whether the facts in the BIPA claim are "relevant to the resolution of" the ADA claim such that they arise from a common nucleus of operative facts. *Clark*, 2010 WL 476637, * 1. For the reasons discussed above, they do not. The claims do not, for instance, both relate to the circumstances leading to Mata's termination. See *Preston v. Wiegand*, 573 F.Supp.3d 1299, 1308 (N.D. Ill. 2021) (plaintiff police officers' First Amendment retaliation claims had the requisite connection to a state law administrative review claim because the state law claim, "related to the circumstances leading to and reasons for Plaintiffs' termination," and was "part of the larger picture of Defendants' retaliatory conduct.") The same cannot be said here. The facts necessary to resolve the BIPA claim do not have any factual connection to the disability claim, let alone a loose one. Because the amended complaint raises two sets of claims with different relevant evidence and witnesses, "which are not so interrelated that it would make jurisprudential sense to try them in the same lawsuit," the Court declines to exercise supplemental jurisdiction. *O'Shea v. Augustana College*, 593 F. Supp. 3d 838, 847 (C.D. Ill. 2022).

The Court also agrees with Deslauriers that supplemental jurisdiction is appropriately declined under 28 U.S.C. § 1367(c). A district court may decline to exercise supplemental jurisdiction over a claim if it substantially predominates over the original claim. 28 U.S.C. § 1367(c)(2), (4). The power to adjudicate state law claims "need not be exercised in every case in which it is found to exist." *Gibbs*, 383 U.S. at 726. It is a "doctrine of discretion, not of plaintiff's right." *Id*. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id*.; *Green Valley Investments v. Winnebago Cty., Wis.*, 794 F.3d 864, 869–70 (7th Cir. 2015).

The scope of the issues raised by the BIPA law claim, which Mata proposes as a class action, would substantially predominate over her ADA claim. The BIPA class action claim raises a wide variety of issues, alleges several statutory violations, and its scale would threaten to eclipse the ADA claim, which is based on a discrete set of facts during the four months Mata was employed at Deslauriers. Before Mata filed

3

her amended complaint, another former Deslauriers employee filed a BIPA class action in the Circuit Court of Cook County. See *Bautista v. Deslauriers, Inc.*, 2023-CH-03200. That case identifies a putative BIPA class that is nearly identical to the one Mata proposes here. Allowing Mata to proceed with her BIPA claim in this case implicates *Colorado River* abstention. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The BIPA claim raised here might need to be stayed or dismissed in favor of *Bautista v. Deslauriers, Inc.*, raising yet another layer of complexity. Under the circumstances, the Court declines to exercise supplemental jurisdiction over the BIPA claim. Count III is dismissed without prejudice.

*Conclusion*

For these reasons, Defendant's motion to dismiss Count III is granted [Dkt.37]. Count III is dismissed without prejudice.

Enter: 21-cv-3976
Date: September 18, 2023

_____
Lindsay C. Jenkins
United States District Judge